UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

LEONARD WEIN,

      Plaintiff,

vs.

CASE NO: 2:11-CV-14127

AMSU PETRO INC., THE WILLIAM D.
MCKNIGHT REVOCABLE TRUST
AGREEMENT OF 1997 UTD JUNE 24,
1997 and THE KATHRYN A. MCKNIGHT
REVOCABLE TRUST AGREEMENT OF
1997 UTD JUNE 24, 1997,

      Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Leonard Wein, ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues AMSU PETRO INC., ("AMSU"), THE WILLIAM D. MCKNIGHT REVOCABLE TRUST AGREMENT OF 1997 UTD JUNE 24, 1997 ("WILLIAM D. MCKNIGHT TRUST") and THE KATHRYN A. MCKNIGHT REVOCABLE TRUST AGREEMENT OF 1997 UTD JUNE 24, 1997 ("KATHRYN A. MCKNIGHT TRUST") for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Southern District of Florida pursuant to 28

1

U.S.C. §1391 (B) and Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, Leonard Wein (hereinafter referred to as "Wein"), is a resident of the State of Florida and is a qualified individual with a disability under the ADA. Wein is disabled as defined by the ADA and is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Wein uses a motorized scooter for mobility purposes. Prior to instituting the instant action, Wein visited the Defendants' premises, the BP gas station, located at and around 1155 Martin Downs Blvd., Palm City, Florida, and was denied full, safe and equal access to the subject property of Defendants due to its lack of compliance with the ADA. Wein continues to desire and intends to visit the Defendants' premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, AMSU, is a corporation registered to do business and, in fact, conducting business in the State of Florida. Upon information and belief, AMSU is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the BP gas station located at and around 1155 Martin Downs Blvd., Palm City, Florida.

5. The Defendant, WILLIAM D. MCKNIGHT TRUST, is a trust conducting business in the State of Florida. Upon information and belief, the WILLIAM D. MCKNIGHT TRUST, is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the BP gas station located at and around 1155 Martin Downs Blvd., Palm City, Florida.

6. The Defendant, KATHRYN A. MCKNIGHT TRUST, is a trust conducting

business in the State of Florida. Upon information and belief, the KATHRYN A. MCKNIGHT TRUST, is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the BP gas station located at and around 1155 Martin Downs Blvd., Palm City, Florida.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida.

### COUNT I - VIOLATION OF THE ADA (AMSU)

Plaintiff realleges and reincorporates paragraphs one through seven as if fully set forth herein.

8. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Defendants' BP gas station is a place of public accommodation in that it is operated by a private entity that provides goods and services to the public.

10. Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the gas station in derogation of 42 U.S.C §12101 *et seq*.

11. Wein has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Defendants' gas station. Prior to the filing of this lawsuit, Wein visited the BP gas station at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in

fact. In addition, Wein continues to desire and intends to visit the gas station, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain in violation of the ADA. Wein has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

13. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i. There is no accessible entrance into the store.

    ii. There is no accessible path of travel throughout the store.

    iii. The toilet room provided does not contain an accessible lavatory.

    iv. The water closet does not have a rear grab bar.

    v. The toilet paper and paper towel dispensers are not in an accessible location.

    vi. The hardware on the door requires a key that requires a user to pinch and grasp.

14. There are other current barriers to access and violations of the ADA at the gas station owned and/or operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all

said violations be identified.

15. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make the gas station, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

17. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and/or administered by Defendants is violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF THE ADA (WILLIAM D. MCKNIGHT TRUST)

Plaintiff realleges and reincorporates paragraphs one through seven as if fully set forth herein.

19. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

20. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Defendants' BP gas station is a place of public accommodation in that it is operated by a private entity that provides goods and services to the public.

21. Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the gas station in derogation of 42 U.S.C §12101 *et seq*.

22. Wein has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Defendants' gas station. Prior to the filing of this lawsuit, Wein visited the BP gas station at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact. In addition, Wein continues to desire and intends to visit the gas station, but continues to be

injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain in violation of the ADA. Wein has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

24. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i. There is no accessible entrance into the store.

    ii. There is no accessible path of travel throughout the store.

    iii. The toilet room provided does not contain an accessible lavatory.

    iv. The water closet does not have a rear grab bar.

    v. The toilet paper and paper towel dispensers are not in an accessible location.

    vi. The hardware on the door requires a key that requires a user to pinch and grasp.

25. There are other current barriers to access and violations of the ADA at the gas station owned and/or operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

26. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

27. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make the gas station, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

28. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and/or administered by Defendants is violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

      E.      That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT III - VIOLATION OF THE ADA (KATHRYN A. MCKNIGHT TRUST)

Plaintiff realleges and reincorporates paragraphs one through seven as if fully set forth herein.

30. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

31. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Defendants' BP gas station is a place of public accommodation in that it is operated by a private entity that provides goods and services to the public.

32. Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the gas station in derogation of 42 U.S.C §12101 *et seq*.

33. Wein has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Defendants' gas station. Prior to the filing of this lawsuit, Wein visited the BP gas station at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact. In addition, Wein continues to desire and intends to visit the gas station, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain in violation of the ADA. Wein has now and continues to have reasonable

grounds for believing that he has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

34. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

35. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. There is no accessible entrance into the store.

   ii. There is no accessible path of travel throughout the store.

   iii. The toilet room provided does not contain an accessible lavatory.

   iv. The water closet does not have a rear grab bar.

   v. The toilet paper and paper towel dispensers are not in an accessible location.

   vi. The hardware on the door requires a key that requires a user to pinch and grasp.

36. There are other current barriers to access and violations of the ADA at the gas station owned and/or operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

37. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the

ADA.

38. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make the gas station, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

39. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

40. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and/or administered by Defendants is violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated June 15, 2011.

Respectfully submitted,

By: /s/ Gene R. Zweben
Gene R. Zweben, Esq.
Florida Bar No.: 0088919
gzweben@szalaw.com
Schwartz Zweben, LLP
Attorneys for Plaintiff
532 Colorado Avenue
Stuart, FL 34994-3014
Telephone:  (772) 223-5454
Fax:        (772) 463-0778

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document on June 20, 2011 with the Clerk of the Court and is being served this day on all counsel of record via ECF.

/s/ Gene R. Zweben
Gene R. Zweben, Esquire